UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DEREK ALLEN RASH,

        Plaintiff,                      Case No. 1:15-cv-468

v.                                             Honorable Paul L. Maloney

STEVEN RIVARD et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Derek Allen Rash presently is incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF). He sues SLF Warden Steven Rivard, SLF Food Service Director G. Polley, and MDOC Director Daniel H. Heyns.

Plaintiff alleges that, when he received his hot food trays on February 2, 9, and 12, 2015, he noticed that his food was cold. Specifically, he alleges that his pizza tray was cold and that, the following morning, his hot breakfast was cold. He then alleges in a conclusory fashion that all of the food trays he has received for an unspecified period have been cold. Plaintiff filed a grievance about the cold food, which he exhausted through all three steps of the grievance process. He also alleges that he spoke with Defendant Polley, advising Polley that he knew from his aunt and uncle, who ran a catering business, that it does not take six hours for food to become unsafe. Plaintiff complains that Defendants Polley, Rivard and Heyns are liable for the service of cold food, because they have not corrected the problem. He also alleges that the three Defendants will be responsible if he gets sick from the food. (Compl., docket #1, PageID#3.) Plaintiff seeks compensatory damages for the food being served cold.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Rivard, Polley and Heyns, other than his claim that they failed to eliminate a problem in response to his grievances and failed

to properly exercise their supervisory responsibilities. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants engaged in any active unconstitutional behavior. Indeed, it defies logic to suggest that the Director of the MDOC, the Warden of SLF and the Food Service Director of SLF had personal involvement in the delivery of Plaintiff's meals. Accordingly, he fails to state a claim against Defendants Rivard, Polley and Heyns.

### B. Eighth Amendment

Even if Plaintiff had sufficiently alleged active conduct by these Defendants, he fails to state an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46

(1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind . . . ." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can

be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In general, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). Moreover, "cold food apparently is an ordinary incident in prison life." *Thaddeus–X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999) (collecting cases) (Surheinrich, J., in dissent). Consequently, a prisoner's claim that he was served cold meals does not rise to the level of a constitutional deprivation. *See Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008); *Strauss v. Ray*, No. 99-5370, 2000 WL 875690, at *2 (6th Cir. Jun. 19, 2000) (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985)); *see also Dean v. Campbell*, No. 97–5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (per curiam) (holding that allegation of cold meals for a short period of time "fail[ed] to allege facts showing that [prisoner] was subjected to the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim"); *Brown–El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (holding that prisoner's claim that he was denied his Eighth Amendment rights when he was served cold food was frivolous); *Madyun v. Thompson*, 657 F.2d 868, 874-75 (7th Cir. 1981) (holding that allegation that food served to segregated prisoners was cold and not on menu served to general prison population was insufficient to state an Eighth Amendment claim); *Jackson v. Heyns*, No. 13-636, 2013 WL 6007503, at *6 (W.D. Mich. Nov. 13, 2013) (holding that regular receipt of cold or lukewarm food by segregation prisoners does not implicate the Eighth Amendment); *Woods v. Frederick*, No. 4:07 CV 68, 2007 WL

1198882, at *4 (N.D. Ohio Apr. 18, 2007) (finding that a prison's failure to provide two hot meals per day for thirty days while the cafeteria was being remodeled did not violate the Eighth Amendment).

Moreover, Plaintiff does not allege facts showing that the food he received was unhealthful simply because it was cold. Although Plaintiff broadly claims that food becomes dangerous when it is kept out of refrigeration for too long, he does not allege any fact from which an inference could be drawn that the food he was served was kept out of refrigeration for longer that was safe. Plaintiff simply implies that, because his food was cold, it must be contaminated, and it therefore will result in his becoming sick. Such allegations fall far short of demonstrating an objectively serious risk, much less that Defendants were aware of such risk and ignored it. *Farmer,* 511 U.S. at 837.

In sum, Plaintiff's allegations concerning his cold prison food wholly fail to state an Eighth Amendment violation.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in*

*forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  May 20, 2015                          /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              Chief United States District Judge